*257 OPINION AND ORDER
A Petition for Review was timely filed and granted. The Tribal Trial Court granted a stay of its decision on February 24, 2009 and the matter is fully briefed.
In the underlying action, Appellee Robert Magnan, (“Mr. Magnan”), filed a Complaint on November 13, 2008, against Appellants Richard and Lucille Holen, (“Mr. and Mrs. Holen”), alleging that Richard Holen sold Mr. Magnan three cows that Mr. Holen did not own. Mr. Magnan further alleged that he returned the cows to their rightful owners and seeks recovery of the value of the cows, their calves and other related costs, as damages. In their Answer to the Complaint, Mr. and Mrs. Holen generally denied Mr. Magnan’s allegations. By February 2009, the matter was set for trial. On October 8, 2008, an Information had been filed in state district court charging Mr. Holen under Mont. Code Ann. § 45-6-301 with eight counts of theft of a domesticated hoofed animal. The cows at issue in this matter were among those for which Mr. Holen was charged with theft in the state proceedings.
Trial in the civil case in the Tribal Trial Court was set for February 24, 2009. On Friday February 20, 2009, Mr. Holen filed a Motion to Stay the Tribal court proceedings until the state criminal proceeding was completed. Mr. Holen argued that if the Tribal Court trial were held prior to the conclusion of the state criminal trial, he would be forced to make one of two equally difficult choices. He would have to either remain silent in the Tribal Court trial for fear of incriminating himself or he would have to run the risk of making self-incriminating statements in the Tribal Court that potentially could be used against him in state court. The Motion was granted the day it was filed by the Chief Judge, not the judge presiding over the case. The trial court Order postponing the trial did not include any written explanation of the basis for its decision.
On the next business day, Monday February 23, 2010, Mr. Magnum filed an objection to the Order postponing the trial and asking that it be vacated. The Tribal *258 judge presiding over the case vacated the Order postponing the trial. Then on February 24, 2010, after the Petition for Review on Appeal had been filed, the judge stayed all trial court matters pending resolution of the appeal.
This appeal presents two issues: (1) whether the trial court complied with the rule of civil procedure governing ex parte applications to the court, and (2) whether the protection against self-incrimination applies to civil matters when testimony in a civil matter could potentially be used against a party in a state criminal case. We affirm the trial court in accordance with the following.
Mr. Magnan first asserts that the Order postponing the trial was granted without compliance with the rule of civil procedure concerning ex parte applications to the court. Rule 1-15, of the Fort Peck Tribal Court Rules of Civil procedure, provides:
COMMUNICATIONS TO COURT AND EX-PARTE APPLICATIONS
Except as provided for under VIII CCOJ 401 and X CCOJ 308, the court will not receive letters or other communications from counsel that do not indicate on their face that copies have been sent to opposing counsel. Ex-parte applications for orders, made either by mail or by telephone, will not be granted unless it is indicated that the adverse party has been advised of the request.
The Motion for Continuance states that counsel for Mr. Magnan was contacted and did object to the request. Thus, according to the record, this rule was not violated. In view of the shortness of time between the filing of the Motion and the scheduled trial, we defer to the trial court as to whether or not a hearing should have been conducted. In any event, Mr. Magnan’s point of view was considered by the presiding judge following the filing of his brief on February 23, 2009.
Turning to the second issue, the scope of Mr. Holen’s protection against self-incrimination, we hold that neither the Constitution and Bylaws of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation, nor the CCOJ, nor the Indian Civil Rights Act protects him from self-incrimination in the circumstances presented here. The Constitution and Bylaws of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation does not include any reference to a tribal constitutionally-based protection against self-incrimination. Title VI, § 501, CCOJ, “Rights of defendant in criminal eases,” provides in relevant part, “nor shall he/she be compelled in any criminal case to be a witness against himself/herself,” (emphasis added). The Indian Civil Rights Act provision on self-incrimination, 25 U.S.C. § 1302(4), states, “No Indian tribe in exercising powers of self-government shall ... compel any person in any criminal case to be a witness against himself,” (emphasis added). Thus, the trial court’s decision to postpone the trial was not mandated by any self-incrimination protection accorded to Mr. Magnan. Nonetheless, we affirm the lower court out of deference to the Tribal trial court’s discretionary authority to manage its caseload and postpone the trial.
Therefore, IT IS HEREBY ORDERED:
The decision of the Tribal trial court is affirmed. The matter is remanded to the trial court for trial on the merits.